UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IVAN QUINTANA,

Plaintiff,

v.

GARCIA, *et al.*,

Defendants.

Case No.: 1:26-cv-03894-KES-CDB (PC)

ORDER GRANTING PLAINTIFF'S MOTION EXTENDING TIME TO FILE A FIRST AMENDED COMPLAINT

(Doc. 14)

**October 15, 2026, Deadline**

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

(Doc. 13)

Plaintiff Ivan Quintana ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of his civil rights by Defendants Garcia (first watch CTC sergeant at Corcoran State Prison ("CSP")), Ruiz (CSP custody officer), and six unknown CSP custody officer Defendants. *See* (Doc. 1 at 2). Defendants have not been served or otherwise appeared in this action. On September 2, 2026, the Court granted Plaintiff's motion for leave to file a first amended complaint ("FAC") within 21 days from the date of service of the order. (Doc. 12).

**Motion for Extension of Time to File FAC**

Pending before the Court is Plaintiff's motion for an extension of time to file the FAC, filed on September 25, 2026. (Doc. 14). Plaintiff represents that although he completed a draft of his

FAC on September 15, 2026, despite his due diligence, he is unable to meet the deadline to file a FAC. *Id.* at 2. Plaintiff represents he faced issues making a copy of the FAC such that he was unable to timely file the FAC. *Id.* at 2-3.

Based on Plaintiff's timely request for an extension, the Court finds good cause to grant Plaintiff's request for an extension of time to file a FAC no later than October 15, 2026.

**<u>Motion for Appointment of Counsel</u>**

**A. Applicable Legal Standards**

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998).

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (quotations and citations omitted).

**B. Analysis**

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a); *see also* (Doc. 3 at 3-4). Plaintiff's complaint has not yet been screened. At screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. Screening does not test the merits of the allegations, for the Court is to consider factual allegations to be true for purposes of screening. No determination has yet been made as to the merits of Plaintiff's claims.

Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se in light

of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Plaintiff asserts he is indigent and unable to afford counsel. (Doc. 13 at 1). The Court notes that Plaintiff's filings reflect Plaintiff is logical and articulate. He has successfully litigated a motion for leave to file a first amended complaint and an extension of the filing deadline thereto. *See*, *e.g.*, (Docs. 1, 11, 13, 14); *see also LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel, where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions").

Neither the claims asserted nor the relevant events and transactions are complex. *See Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (explaining that "[a]lthough discovery was essential … the need for such discovery does not necessarily qualify the issues involved as 'complex'"); *Williams v. Whitehurst*, No. 4:08CV21-SPM/AK, 2008 WL 1766570, at *1 (N.D. Fla. Apr. 11, 2008) ("Although Plaintiff's claims are serious, they are not complex nor will he be required to do legal research since the court is familiar with the law on claims of excessive force and failure to protect").

To the extent Plaintiff relies upon his indigency and incarceration to support his motion, those circumstances do not qualify as exceptional circumstances warranting the appointment of counsel. *See Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) (same). *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) (same); *see also Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary

assistance of counsel”).

Further, the fact an attorney may be better able to perform research, investigate, and represent Plaintiff during trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner “may well have fared better-particularly in the realm of discovery and the securing of expert testimony”); *Wilborn*, 789 F.2d at 1331 (same); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances do not exist); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that “[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances”).

The test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. Here, at this stage of the litigation when the complaint has not been screened, no exceptional circumstances exist warranting the appointment of counsel. As such, Plaintiff’s motion for appointment of counsel will be denied.

**Conclusion and Order**

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff’s motion for an extension of time to file a first amended complaint (Doc. 14) is GRANTED;
2. Plaintiff SHALL FILE any first amended complaint by no later than **October 15, 2026**;
3. Plaintiff’s motion for appointment of counsel (Doc. 13) is DENIED.

IT IS SO ORDERED.

Dated: **September 29, 2026**

UNITED STATES MAGISTRATE JUDGE